**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6727**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JOSEPH BERNARD TATE,

               Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:00-cr-00137-FDW-1)

Submitted: October 19, 2010      Decided: October 27, 2010

Before DUNCAN, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph Bernard Tate, Appellant Pro Se. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina; Gretchen C. F. Shappert, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Bernard Tate appeals the district court's order denying relief on his 18 U.S.C. § 3582(c) (2006) motion for reduction in sentence. Tate sought relief under Amendment 599 to the federal sentencing guidelines, which clarified "under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) [(2006)] in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses." U.S. Sentencing Guidelines Manual App. C, Amendment 599 cmt. (backg'd) (Supp. 2000). Although the district court incorrectly construed Tate's motion as seeking reconsideration of the court's earlier order denying § 3582 relief based on another guidelines amendment, we nevertheless affirm the court's order on alternative grounds.

Section 3582(c) permits the court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 599 was already in effect when Tate was sentenced in 2002, so he is not entitled to § 3582 relief. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the

2

materials before the court and argument would not aid the decisional process.

AFFIRMED